No. 00-844

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT14

STATE OF MONTANA,

Plaintiff and Respondent,

v..

JAMES AFTERBUFFALO,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Marge Johnson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Carl B. Jensen, Jr., Office of Public Defender, Great Falls, Montana

For Respondent:

Hon. Mike McGrath, Attorney General; Steven C. Bullock,

Assistant Attorney General, Helena, Montana

Brant S. Light, Cascade County Attorney; Susan Weber, Deputy

County Attorney, Great Falls, Montana

Submitted on Briefs: May 10, 2001
Decided: January 29, 2002

Filed:

_____

Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 James Afterbuffalo (Afterbuffalo) appeals from the judgment entered by the Eighth Judicial District Court, Cascade County, on his conviction of the offense of criminal endangerment. We reverse and remand.

¶2 The issue on appeal is whether the District Court abused its discretion in denying Afterbuffalo's motion to withdraw his guilty plea.

BACKGROUND

¶3 The State of Montana (State) charged Afterbuffalo by information with the offense of felony assault. The parties subsequently entered into a plea agreement whereby Afterbuffalo agreed to plead guilty to the offense of criminal endangerment. In return, the State agreed to amend the felony assault charge to criminal endangerment and dismiss a bail jumping charge brought against Afterbuffalo in a separate case. The State also agreed to recommend that the District Court impose a three-year suspended sentence. Afterbuffalo then appeared before the District Court and entered his guilty plea. The court accepted the plea, scheduled a sentencing hearing and ordered a presentence investigation (PSI).

¶4 At the sentencing hearing, the State recommended--in conformity with the plea agreement--that Afterbuffalo be given a three-year suspended sentence, and the District Court accepted the recommendation. In light of concerns raised in the PSI report regarding his past failure to successfully comply with probation conditions, however, the court added to the suspended sentence a requirement that Afterbuffalo be placed in either a prerelease or intensive supervision program. Afterbuffalo then moved to withdraw his guilty plea on the basis that the additional requirement was outside the scope of the plea

agreement. The District Court denied the motion and entered judgment on the conviction and sentence. Afterbuffalo appeals.

## STANDARD OF REVIEW

¶5 We review a district court's denial of a motion to withdraw a guilty plea to determine whether the court abused its discretion. State v. Osterloth, 2000 MT 129, ¶ 21, 299 Mont. 517, ¶ 21, 1 P.3d 946, ¶ 21 (citation omitted).

## DISCUSSION

¶6 Did the District Court abuse its discretion in denying Afterbuffalo's motion to withdraw his guilty plea?

¶7 Section 46-12-211, MCA, provides, in pertinent part, that:

(1) The prosecutor and the attorney for the defendant, or the defendant when acting pro se, may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the prosecutor will do any of the following:

(a) move for dismissal of other charges;

(b) agree that a specific sentence is the appropriate disposition of the case; or

(c) make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that the recommendation or request may not be binding upon the court.

. . . .

(4) If the court rejects a plea agreement of the type specified in subsection (1)(a) or (1)(b), the court shall, on the record, inform the parties of this fact and advise the defendant that the court is not bound by the plea agreement, afford the defendant an opportunity to withdraw the plea, and advise the defendant that if the defendant persists in the guilty or nolo contendere plea, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

The plea agreement in the present case expressly provided that, because the parties agreed to make a specific sentencing recommendation to the District Court, the agreement was of the type described in § 46-12-211(1)(b), MCA, and Afterbuffalo would be allowed to withdraw his guilty plea should the court refuse to adopt the agreement.

¶8 As stated above, Afterbuffalo entered--and the District Court accepted--his guilty plea based on the plea agreement. At the subsequent sentencing hearing, the parties recommended that the District Court sentence Afterbuffalo to a three-year suspended sentence and further agreed that the standard conditions of probation as set forth in the PSI report would apply. The District Court adopted this sentencing recommendation, but added the requirement that Afterbuffalo complete either a prerelease or intensive supervision program. When Afterbuffalo moved to withdraw his guilty plea on the basis that the additional requirement was outside the scope of the plea agreement because it was not a standard condition of probation, the court stated that the requirement was a standard condition and denied the motion.

¶9 Afterbuffalo contends that the District Court abused its discretion in denying his motion. He argues that the prerelease or intensive supervision program requirement materially changes the nature of his sentence because it would place him in a more restrictive setting than the "plain" suspended sentence for which he bargained in the plea agreement. Thus, according to Afterbuffalo, by including a requirement which would restrict his liberty while on probation to a greater degree, the District Court went outside the scope of the plea agreement in sentencing and he should have been allowed to withdraw his guilty plea pursuant to § 46-12-211(4), MCA.

¶10 The State responds that, in adding the prerelease or intensive supervision program requirement, the District Court was adhering to the parties' agreement that the probation conditions recommended in the PSI report be included in Afterbuffalo's sentence and, therefore, the court did not exceed the scope of the plea agreement. We disagree.

¶11 The PSI report listed numerically sixteen conditions that it recommended be imposed on Afterbuffalo during the period he was to be on probation. Afterbuffalo agreed to these conditions. The recommendation that Afterbuffalo be placed in a prerelease or intensive supervision program was contained in two paragraphs of the PSI report completely separate from the numerical listing of probation conditions. Moreover, these paragraphs referenced the fact that, pursuant to the plea agreement, Afterbuffalo would receive a suspended sentence requiring that he be placed on standard probation and stated that this

would be insufficient in light of his past failure to comply with probation conditions. Thus, on its face and by its terms, the PSI report recognizes that the prerelease/intensive supervision recommendation was an unusual requirement, rather than a standard condition of probation as contemplated by the plea agreement.

¶12 The State also cites State v. Therriault, 2000 MT 286, 302 Mont. 189, 14 P.3d 444, in support of its contention that the intensive supervision program requirement is a condition of probation to which Afterbuffalo agreed when he agreed that the conditions listed in the PSI report would apply to his sentence. There, we stated that "persuasive authority . . . suggests that the [intensive supervision program] is merely a rigid condition imposed on certain probationers . . ." and held that a person participating in such a program is a probationer rather than a parolee. Therriault, ¶¶ 40-44. At the very least, our language in Therriault implies that participation in an intensive supervision program is not a standard condition placed on all suspended sentences, but a special condition imposed on those probationers who require a greater degree of supervision. Nor does the State dispute that a prerelease or intensive supervision program would negatively impact Afterbuffalo's liberty while on probation.

¶13 In entering into the plea agreement with the State, Afterbuffalo bargained for the benefit of an ordinary suspended sentence. He also agreed to the standard conditions of probation as set forth in the PSI report. The additional requirement of participation in a prerelease or intensive supervision program is not a standard condition of probation, and it materially changes the impact of Afterbuffalo's suspended sentence. We conclude, therefore, that the District Court's additional requirement that Afterbuffalo be placed in either a prerelease or intensive supervision program was outside the scope of the plea agreement and constitutes a rejection by the court of the agreement. As a result, we further conclude that, pursuant to § 46-12-211(4), MCA, the District Court was required to allow Afterbuffalo to withdraw his guilty plea. We hold that the District Court abused its discretion in denying Afterbuffalo's motion to withdraw his guilty plea.

¶14 Reversed and remanded for further proceedings consistent with this opinion.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

/S/ JIM RICE